UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| JOELONDA WHITE, ) | Case No. 10-52083-399 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| HOUSING AUTHORITY OF ) | **Adversary No. 10-4504-659** |
| ST. LOUIS COUNTY, ) | |
| ) | |
| Plaintiff, ) | **PUBLISHED** |
| ) | |
| -v- ) | |
| ) | |
| JOELONDA WHITE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matters before the Court are Housing Authority of St. Louis County's Complaint Objecting to Discharge of Debtor, Answer to Complaint filed by Joelonda White, Plaintiff's Motion for Summary Judgment and Statement of Undisputed Material Facts, Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and Response Filed by Defendant Joelonda White. The matters were taken as submitted. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

On January 24, 2007, Debtor Joelonda White (hereinafter "Debtor") sought rental assistance from Plaintiff Housing Authority of St. Louis County (hereinafter "Plaintiff"). Plaintiff is a municipal corporation of the State of Missouri which administers the Section 8[1] low-income rental subsidy program of the United States Department of Housing and Urban Development in St. Louis County, Missouri. As required, on March 20, 2008, Debtor executed a Personal Declaration upon which

---

[1] See 42 U.S.C. § 1437f (2010)

Debtor reported that she worked for U.S. Bank and earned total weekly wages of $375.00. Debtor also showed Plaintiff a current pay-stub. The Personal Declaration also includes an affirmation that the contained information is true, correct and complete, and that any changes in income must be reported in writing within 10 days from the date of occurrence. Debtor received rental assistance based upon the representation Debtor made as to her total weekly wages on the Personal Declaration.

Between March 20, 2008 and March 19, 2009, U.S. Bank's payroll records indicated that Debtor earned gross wages of $41,231.21. As a result, Debtor received $2,188.00 more in rental assistance in 2008 than Debtor would have received had her actual income been reported. Debtor states that the increased wages were issued to her through monthly bonuses which were neither guaranteed nor reliable.

On or about August 5, 2009, Debtor agreed to reimburse Plaintiff for the excess rental subsidies she received in the total amount of $2,188.00, to be paid in 12 installments. The first installment was to be paid by October 1, 2009 in the amount of $186.00 and the remaining installments were to be paid on the first of each month thereafter in the amount of $182.00. Debtor made the October 1, 2009 payment and the November 1, 2009 payment. The outstanding balance is $2,113.00.

Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2010. Plaintiff now requests that the debt for the excess rental assistance be excepted from discharge pursuant to Section 523(a)(2)(B). Debtor states that she believes that she was as honest as possible when she completed the Personal Declaration. Debtor further states that she included Plaintiff as a creditor in her bankruptcy case because she cannot afford to repay this debt.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2010) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2010). Venue is proper in this District under 28 U.S.C. § 1409(a) (2010).

## CONCLUSIONS OF LAW

Under Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable under Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2550 (1986). The moving party has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Id.* at 323. Once the movant carries its burden, the burden shifts to the non-movant. *Id.* In ruling on a motion for summary judgment, a court must view all facts in a light most favorable to the non-moving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir. 1989)(citing *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1224-25 (8th Cir. 1983)).

Under Section 523(a)(2)(B), any debt obtained for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive" will be excepted from discharge. 11 U.S.C. § 523(a)(2)(B) (2010); *In re Binns,* 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005).

For purposes of Section 523(a)(2)(B), a statement is materially false if it "paints a

-3-

substantially untruthful picture of a debtor's financial condition by misrepresenting information of the type which would normally affect the decision to grant credit." *In re Bohr,* 271 B.R. 162 (Bankr. W.D. Mo. 2001); *In re Capelli,* 261 B.R. 81, 90 (Bankr. D.Conn. 2001).

The plaintiff must demonstrate both that it actually relied upon the false financial statement and that its reliance was reasonable under the circumstances. *In re Johnson*, 131 B.R. 848, 854 (Bankr. W.D. Mo. 1991). Partial reliance is all that is necessary; the financial statement need only be a contributing cause to the decision to extend credit. *Johnson*, 131 B.R. at 854. The reasonableness of the creditor's reliance on the financial statement is based on an assessment of the totality of the circumstances. *In re Pontow,* 111 F.3d 604, 610 (8th Cir. 1997); *In re Ghere,* 393 B.R. 209, 216 (Bankr. W.D. Mo. 2008); *In re Bohr,* 271 B.R. at 168. The court may consider if there were any "red flags" that would have alerted the creditor to the possibility that the financial statement was not accurate and whether minimal investigation would have revealed the inaccuracy. *In re Pontow,* 111 F.3d at 610 (citing *In re Coston*, 991 F.2d 257, 261 (5th Cir.1993) (en banc)).

The debtor may have produced a statement with intent to deceive without having a malignant heart; actual malice is not required. *In re Webb*, 256 B.R. 292, 297 (Bankr. E.D. Ark. 2000); *In re Ghere*, 393 B.R. at 215; *In re Bohr*, 271 B.R. at 169. A creditor may establish intent to deceive by proving that debtor knew the statement was false or that debtor acted with reckless indifference to or reckless disregard of the accuracy of the information in a debtor's financial statement. *In re McCleary,* 284 B.R. 876, 888 (Bankr. N.D. Iowa 2002); *In re Ghere*, 393 B.R. at 215; *In re Bohr*, 271 B.R. at 169*.* Because direct evidence of such intent is often absent, it may be inferred from the circumstances. *In re Ghere*, 393 B.R. at 215. The debtor cannot overcome an inference of intent to deceive merely with unsupported assertions of honest intent. *In re Ghere*, 393 B.R. at 215; *In re Bohr*, 271 B.R. at 169. "It is well established that writings with pertinent omissions can readily constitute a statement that is materially false for purposes of Section 523(a)(2)(B)." *In re McCleary,* 284 B.R. at 876 (citing *In re Dammen,* 167 B.R. 545, 551 (Bankr. D.N.D. 1994)).

The Personal Declaration form required Debtor to report her total weekly wages. Debtor's Personal Declaration to Plaintiff made on March 20, 2008 reported that Debtor's total weekly wages were $375.00. There are 52 weeks in a year, and thus at $375.00 per week can be computed as $19,500 per year. Debtor's actual income in 2008 was approximately $40,000.00. Debtor alleges that she could only report $375.00 per week because that income was certain whereas the additional income constituted monthly bonuses which she did know she would receive. The Personal Declaration form required Debtor to report her *total weekly wages.* The purpose of rental assistance was to provide housing assistance to those in financial need. Debtor however, had double the income she reported. The Personal Declaration was materially false.

Plaintiff determined the amount of rental assistance to provide to Debtor based on the reported income on Debtor's Personal Declaration. The pay-stubs shown by Debtor at the time of her application were presumably consistent with Debtor's reported income at that time. The Personal Declaration however required Debtor to report any changes to her income within 10 days. Debtor could have reported her consistently higher income but instead chose not to. There were no reasonable means for Plaintiff to discover Debtor's increased pay unless Debtor informed Plaintiff of the increase as Debtor was required to do. Plaintiff's reliance on Debtor's statement regarding her financial condition in determining the amount of rental assistance to grant Debtor was reasonable.

The only matter remaining is whether Debtor intended to deceive Plaintiff. Debtor believes that she truthfully reported her income on the Personal Declaration, however, the deceit is Debtor's failure to report her increased wages. While true, the additional income was paid as monthly bonuses to Debtor, nonetheless, Debtor was required to report her total income such that Plaintiff would be aware of the funds available to Debtor in order for Plaintiff to determine whether Plaintiff qualified for rental assistance. Debtor failed to report her additional income with the intent to deceive Plaintiff.

By separate Order, judgment will be entered in favor of Plaintiff.

_Kathy A. Surratt-States_
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: October 3, 2011
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Joe D. Jacobson
Green Jacobson, PC
7733 Forsyth Blvd., Suite 700
Clayton, MO 63105

Timothy John Lemen
Green Schaaf & Jacobson, P.C.
7733 Forsyth Blvd., Suite 700
St. Louis, MO 63105

Robert E. Faerber, Jr.
230 S. Bemiston, Ste. 600
Clayton, MO 63105

Housing Authority of St. Louis County
8865 Natural Bridge
St. Louis, MO 63121

Phillip C Boyd
Green Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
Clayton, MO 63105

Joelonda White
7419 JenWood
Saint Louis, MO 63136